```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF NEW MEXICO
```

In re
KIT PACK CO., a New Mexico
Corporation,
         Debtor.                                  No. 11-08-10206 SL

KIT PACK CO.,
         Plaintiff,

v.

GERALD M FRIEDMAN,
THE MARVIN GROUP, INC.,
MARVIN LAND SYSTEMS, INC.,
MARVIN ENGINEERING CO., INC.,
and
LAPEER INDUSTRIES, INC.,
         Defendants.                       Adversary No. 08-1031 S

**MEMORANDUM OPINION ON MOTIONS**
**TO DISMISS TORT CLAIMS**

On March 4, 2008, Kit Pack Co. ("Plaintiff") filed this adversary proceeding. It contains 59 paragraphs of facts and 3 counts for relief: 1) for turnover under 11 U.S.C. § 542(b), 2) for a declaratory judgment determining the nature of the relationships between Plaintiff and the various defendants and, to the extent any defendant is an insider a recovery of preferential payments, and 3) for breach of contract, fraud, tortious interference with contractual relations, prima facie tort, fraudulent and negligent misrepresentations, negligence, conversion, breach of fiduciary duty and economic duress. Defendants moved to dismiss the tort claims under Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the Court finds that

the Motions to Dismiss are well taken in part, and will be granted in part.

**STANDARD**

In reviewing a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court should then look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Id. n. 2.

**DISCUSSION**

The Defendants' Motions seek to dismiss the tort claims only.  Therefore, the Court will examine the elements of each tort claim alleged to determine if Plaintiff has plausibly supported its legal claim for relief.  First, however, it will address the Defendants' arguments that under Elliott Industries Limited Partnership v. BP America Production Co., 407 F.3d 1091 (10th Cir. 2005), there can be no tort liability when there is a contract in place.  This argument goes too far.  The Elliott Industries court stated that the rule in New Mexico is "the concept of freedom of contract and notions of contractually assumed duties and liabilities can act to limit general tort liability in certain circumstances when limited liability is

expressly bargained for." Id. at 1116 (Citation omitted.) There are no allegations in this case that any party contracted for limited liability.

**1. FRAUD**

In New Mexico, fraud consists of: 1) a misrepresentation of fact, 2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, 3) intent to deceive and to induce reliance on the misrepresentation, and 4) detrimental reliance on the misrepresentation. Williams v. Stewart, 137 N.M. 420, 429, 112 P.3d 281, 290 (Ct. App.), cert. denied, 137 N.M. 522, 113 P.3d 345 (2005). A party can recover damages proximately caused by the fraud. Id.

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b).

> Pleading fraud with greater specificity than is normally required by the federal rules is necessary in order to: (1) provide defendants with sufficient notice of the acts of which the plaintiff complains to enable them to frame a response, (2) prevent fishing expeditions to uncover unknown wrongs, and (3) protect defendants from unfounded accusations of immoral and otherwise wrongful conduct. Knight v. E.F. Hutton and Co., Inc., 750 F.Supp. 1109, 1114 (M.D.1990).

NCR Credit Corp. v. Reptron Electronics, Inc., 155 F.R.D. 690,

692 (M.D. Fla. 1994).

> The purpose of harmonizing Rule 8 "notice pleading" requiring only a "short and plain statement" with the particularity requirement of Rule 9(b) is to allow that all pleadings be construed as to do "substantial justice" as required under Rule 8(f). The requirements of Rule 9(b) are not, however, to be lightly abrogated in favor of the more liberal requirements of Rule 8, but, rather, should be strictly applied in all cases except where justice would otherwise be abridged.

Id.

But "Rule 9(b) is satisfied if the complaint gives enough information to enable defendants to frame a responsive pleading and assures that a sufficient basis exists for the allegations made." Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. De-Con Mechanical Contractors, Inc., 896 F.Supp. 342, 346 (S.D.N.Y. 1995)(Citations omitted). "Plaintiffs must also specifically allege the manner in which they relied on the fraud to their detriment." Id. (Citation omitted.) And, under Rule 9(b) the plaintiff must set forth allegations which show that fraud has actually been committed; in the case of an alleged false representation, it must appear from the complaint that the alleged statements are false or misleading." Bailey v. Linsco/Private Ledger Corp., 136 F.R.D. 11, 14 n.4 (D. Me. 1991).

If there are multiple defendants, a plaintiff alleging fraud must satisfy Rule 9(b) as to each defendant. That is, the plaintiff must connect the allegations of fraud to each individual defendant. Plumbers and Pipefitters, 896 F.Supp. at

Page -4-

Case 08-01031-t    Doc 53    Filed 04/15/09    Entered 04/15/09 14:47:52 Page 4 of 12

347. "A complaint sounding in fraud may not rely on sweeping references to acts by all or some of the defendants because each named defendant is entitled to be apprised of the facts surrounding the alleged fraud." Id. (Citation omitted.) General allegations that the defendants conspired are insufficient. Id. Allegations of alter-ego, even if true, are also insufficient to attribute fraud to co-defendants. Id.

The complaint contains several allegations that Friedman made representations, e.g., ¶¶ 46, 70, 71. There are no allegations that any of the other defendants made any representations, except through Friedman. ¶ 70. And, the complaint does not state which representations were made on behalf of which defendant. It is not clear from the face of the complaint which representations were false statement of fact, as opposed to expectations or future events. And, there are no allegations that Friedman (or other defendant) knew of the falsity of the statement at the time or was reckless in making the statement. It is also not clear when the representations were made, where they were made, to whom they were made, or how Plaintiff relied on the representations. There are no allegations that Friedman (or others) intended to deceive Plaintiff or intended to induce reliance. Plaintiff does allege damages, but does not tie any specific set of damages to any particular misrepresentations.

Case 08-01031-t    Doc 53    Filed 04/15/09    Entered 04/15/09 14:47:52 Page 5 of 12

The Court finds that it should dismiss the fraud claims both under Rule 9(b) for failing to allege fraud with specificity and under Rule 12(b)(6) for failing to allege knowledge or recklessness and an intent to deceive or induce reliance. The Court will grant Plaintiff 21 days in which to file an amended complaint that alleges fraud in accordance with this opinion, or dismiss this claim for relief as to certain defendants.

**2. Tortious interference with contract**

New Mexico recognizes the torts of intentional interference with contract as well as interference with prospective contractual relations. To establish a claim for intentional interference with contract, plaintiff must allege facts sufficient to show that he or she suffered damages when the defendant improperly interfered with plaintiff's existing contractual relations, either through improper means or with an improper motive. El Dorado Utilities, Inc. v. El Dorado Area Water and Sanitation District, 137 N.M. 217, 223, 109 P.3d 305, 311 (Ct. App. 2005).

To establish a claim for interference with prospective contractual relations, plaintiff must allege facts sufficient to show that he or she suffered damages when the defendant intentionally and improperly interfered with plaintiff's prospective contractual relationship by a) inducing or otherwise causing a third person not to enter into or continue the

prospective relation, or b) preventing the other from acquiring or continuing the prospective relation. M & M Rental Tools, Inc. v. Melchem, 94 N.M. 449, 453, 612 P.2d 241, 245 (Ct. App. 1980).

The Court finds that ¶¶ 52-57 adequately state a claim for relief under tortious interference with contract against Friedman only. This cause of action will not be dismissed as to Friedman. However, if Plaintiff does not amend to allege facts to support a claim against other Defendants within 21 days, it will be dismissed as to them.

### 3. Prima facie tort

In New Mexico the elements of prima facie tort are: 1) an intentional, lawful act by defendant, 2) an intent to injure the plaintiff, 3) injury to plaintiff, and 4) the absence of justification or insufficient justification for the defendant's acts. Schmitz v. Smentowski, 109 N.M. 386, 394, 785 P.2d 726, 734 (1990). The theory underlying this tort is that a party that intends to cause injury to another should be liable for that injury if the conduct is generally culpable and not justifiable under the circumstances. Id. (Citing Restatement (Second) of Torts § 870 (1977)). The act complained of must be committed with the intent to injure plaintiff, but it need not be shown that it was solely intended to injure plaintiff. Id. at 395, 785 P.2d at 735.

Page -7-

Case 08-01031-t    Doc 53    Filed 04/15/09    Entered 04/15/09 14:47:52 Page 7 of 12

Prima facie tort may be pleaded in the alternative. Id. at 396, 785 P.2d at 736. However, if at the close of evidence the proof is susceptible to submission under another category of tort, it should be submitted under that theory. Id.

The complaint alleges intentional acts by Friedman, some of which are presumably lawful. It does not allege specific acts by any other defendant. It also alleges that Friedman performed with the intent to cause economic harm to Plaintiff, was outrageous, not justifiable under the circumstances, and was willful, wanton, malicious, reckless, oppressive, fraudulent and in bad faith. This cause of action will not be dismissed as to Friedman. However, if Plaintiff does not amend to allege facts to support a claim against other Defendants within 21 days, it will be dismissed as to them. Of course, until all evidence is in the record, the propriety of this claim remains unknown.

### 4. **Negligent misrepresentation**

In New Mexico, negligent misrepresentation is an action in tort under the general principles of the law of negligence. Maxey v. Quintana, 84 N.M. 38, 42, 499 P.2d 356, 360 (Ct.App.), cert. denied, 84 N.M. 37, 499 P.2d 355 (1972). The discussion immediately following will pertain to the negligent misrepresentation claims.

### 5. **Negligence**

In New Mexico, the elements of negligence are: 1) a duty or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks, 2) a failure on defendant's part to conform to the required standard, 3) a reasonable close causal connection between the conduct and the resulting injury, and 4) actual loss or damages resulting to the plaintiff's interests.  Lopez v. Maez, 98 N.M. 625, 630, 651 P.2d 1269, 1274 (1982)(Citing W. Prosser, Handbook of the Law of Torts § 30, at 143 (1971)).

The complaint does not state its theory of "duty."  For all defendants except Friedman it does not allege any breaches of duty.  Other than boilerplate language in ¶ 79, it does not allege what actions were the proximate causes of what damages Plaintiff sustained.

The Court finds that it should dismiss the negligence claim for failure to allege all essential elements.  The Court will grant Plaintiff 21 days in which to file an amended complaint that alleges fraud in accordance with this opinion, or dismiss this claim for relief as to certain defendants.

**6.    Conversion**

Conversion is defined as the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting

Case 08-01031-t    Doc 53    Filed 04/15/09    Entered 04/15/09 14:47:52 Page 9 of 12

an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made. Nosker v. Trinity Land Co., 107 N.M. 333, 337-38, 757 P.2d 803, 807-08 (Ct. App.), cert. denied, 107 N.M. 267, 755 P.2d 605 (1988).

The Court finds that ¶¶ 47 and 76 state a claim against Friedman. Plaintiff will be allowed 21 days to amend to include claims against other defendants.

**7.  Breach of fiduciary duty**

A fiduciary relationship exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of one reposing the confidence. Moody v. Stribling, 127 N.M. 630, 636, 985 P.2d 1210, 1216 (Ct. App.), cert. denied, 127 N.M. 389, 981 P.2d 1207 (1999). The courts recognize that a fiduciary duty can exist in a variety of contexts depending on the relationship of the parties, and the courts determine whether a particular defendant owes a duty to a particular plaintiff as a matter of law. Id. Fraud is not an element of this tort; rather, it is based on a duty of loyalty. Id. at 638, 985 P.2d at 1218. A fiduciary breaches his duty by placing his interests above those of the beneficiary. Id. To be actionable, the breach must cause damages. Id.

The complaint, ¶ 75, seeks to hold Friedman liable for breach of fiduciary duty only if the Court finds he is a

stockholder, officer or investor.  The Court finds that Plaintiff has alleged sufficient facts which, if true, might constitute a breach of fiduciary duty.  This claim against Friedman will not be dismissed.  The complaint fails totally to allege any breaches of fiduciary duty by other defendants, so the motion will be granted to that extent absent amendment within 21 days.

**8.    Economic duress**

> The rationale of the doctrine [of economic compulsion or economic duress] is to discourage or prevent an individual in a stronger position, usually economic, from abusing that power by presenting an unreasonable choice of alternatives to another person in a weaker or more vulnerable position, in a bargain situation. That is to say the doctrine provides a cause of action so that an individual can protect his economic interests from the unreasonable exercise of power or advantage, usually economic, in a bargain situation.

Terrel v. Duke City Lumber Co., Inc., 86 N.M. 405, 422, 524 P.2d 1021, 1038 (Ct. App. 1974), aff'd in part, rev'd in part, 88 N.M. 299, 540 P.2d 229 (1975).  Economic duress cases are analyzed through the tort framework (duty, breach, causation and damages.) Id.  The "duty" arises in one with a superior bargaining position[1], who must use that position reasonably to assure the weaker party a reasonable choice of alternatives.  Id. at 423, 524 P.2d at 1039.  "Breach" is basically an analysis of the commercial reasonableness of the defendant's actions, threats or

---

[1] "In general, a party has a superior bargaining position if he is the sole effective source of something needed by the other party to avoid a severe economic loss, and the relationship is not reciprocal."  Terrel, 86 N.M. at 422-23, 524 P.2d at 1038-39.

Case 08-01031-t    Doc 53    Filed 04/15/09    Entered 04/15/09 14:47:52 Page 11 of 12

refusals.  Id.  "Causation" means both "causation in fact" and "proximate causation."  Id.  So, a plaintiff must allege and show that 1) the tortious act produced injury that otherwise would not have occurred (causation in fact) and 2) the consequences were or should have been contemplated or foreseen.  Id.  "[I]n a claim of economic compulsion all damages suffered which were proximately caused by the economic compulsion are recoverable."  Id.

The complaint does not sufficiently describe what duties the defendants had toward Plaintiff or any details regarding the parties unequal bargaining position.  The complaint does not allege how lack of alternatives resulted in the damages claimed.  This claim will be dismissed unless the Plaintiff amends to plead this claim with sufficient detail and clarity within 21 days.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Date entered on docket: April 5, 2009

Copies to:

R Trey Arvizu, III
PO Box 1479
Las Cruces, NM 88004-1479

Chris W Pierce
Hunt & Davis, P.C.
P.O. Box 30088
Albuquerque, NM 87190-0088

Linda S Bloom
PO Box 218
Albuquerque, NM 87103-0218

Case 08-01031-t    Doc 53    Filed 04/15/09    Entered 04/15/09 14:47:52 Page 12 of 12